UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: BAILEY FINANCING LITIGATION                               MDL No. 2609


### ORDER DENYING TRANSFER

**Before the Panel**: Bighorn Capital, Inc. (Bighorn) moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois. The litigation consists of actions pending in that district, the District of Nevada, and the Southern District of Texas, as listed on Schedule A.[1]

Responding parties F. Kenneth Bailey, Jr., F. Kenneth Bailey, Jr., PC, Kenneth Camp Bailey, William Harrison Junell, and Bailey Peavy Bailey PLLC (collectively the Bailey Respondents) oppose centralization. If the Panel orders centralization over their objections, then the Bailey Respondents argue for selection of the Southern District of Texas as the transferee district.

On the basis of the papers filed and the hearing session held, we deny Bighorn's motion. Although the actions arguably share certain factual issues concerning two Financing Commitments under which Bighorn agreed to arrange loans for the Bailey Respondents, those issues do not appear to be particularly complex.[2] Rather, the litigation involves a relatively straightforward business dispute among only a few parties. *See In re: Mansfield Oil Co. of Gainesville, Inc., Contract Litig.*, 672 F. Supp. 2d 1371, 1372 (J.P.M.L. 2010). The substantially differing procedural postures of the actions also weigh against centralization. *See, e.g., In re: Lloyds Bank PLC Int'l Mortgage Serv. Loan Litig.*, 997 F. Supp. 2d 1352, 1353 (J.P.M.L.2014). In the earlier filed Southern District of Texas action, which was commenced in Texas state court in November 2013, a significant amount of discovery already has taken place. Indeed, under a September 17, 2014, scheduling order, the fact discovery cutoff of January 30, 2015, already has passed. In contrast, the actions in the Northern District of Illinois and the District of Nevada were filed in November and December 2014, respectively.

---

[1] The two actions pending in the Southern District of Texas have been consolidated.

[2] Moreover, the issues in the District of Nevada action appear to be largely unique. They concern the alleged breach of an agreement to provide funding for a real estate transaction in Houston, Texas. That transaction is not directly at issue in either the consolidated Southern District of Texas actions or the Northern District of Illinois action.

-2-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

                                    PANEL ON MULTIDISTRICT LITIGATION

                                    */s/ Sarah Vance*

                                        Sarah S. Vance
                                             Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: BAILEY FINANCING LITIGATION            MDL No. 2609

## SCHEDULE A

<u>Northern District of Illinois</u>

BIGHORN CAPITAL, INC. v. PSB PARTNERS, LLC,
    C.A. No. 1:14-09045

<u>District of Nevada</u>

BLUE ACQUISITION MEMBER, LLC v. BAILEY PEAVY BAILEY, PLLC,
    C.A. No. 2:14-02013

<u>Southern District of Texas</u>

F. KENNETH BAILEY, JR. PC, ET AL. v. ENTLER, ET AL.,
    C.A. No. 4:13-03521
BIGHORN CAPITAL, INC. v. BAILEY PEAVY BAILEY, PLLC, ET AL.,
    C.A. No. 4:14-03070